UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 20-30891(1) |
| SYSTEM SOLUTIONS OF KENTUCKY LLC ) | Chapter 7 |
|     Debtor ) | |
| _____ ) | |

### OBJECTION TO AMENDED MOTION FOR RELIEF FROM STAY AND ABANDONMENT FOR PROPERTY OF THE DEBTOR ESTATE
(Document # 111)

Comes now Robert W. Keats, Trustee of System Solutions of Kentucky, LLC ("SSK"), the Debtor Estate, and for his Objection to the Amended Motion of CIBC (hereafter referred to as "CIBC" or the "Creditor") for Relief From Stay and Abandonment of all of the property of the Debtor Estate (Doc. # 111), states as follows:

To correct the first paragraph of the "Amended motion for relief from automatic stay and abandonment" (Document # 111), the Motion to Lift the Stay was <u>not</u> filed by the Debtor, SSK. The Amended Motion to lift the stay was filed by Michael W. McClain, Counsel of CIBC. Thus, this is CIBC's motion to lift the stay.

1. In its Motion to lift the stay CIBC claims it is a creditor of the Debtor (SSK) by virtue of loans made by CIBC to the Debtor Estate, and that CIBC has a prepetition secured claim against the Debtor secured by substantially all of the assets of the Debtor's Estate in the sum of $23,801,169.57 as more fully stated in their Proof of Claim # 30.

2. In support of its motion, CIBC claims the 275 pages of supporting documents in their Proof of Claim # 30 show that the pre-petition liens securing the CIBC Claim and the obligations defined in the "Credit Agreement" dated June 7, 2018 have priority over any and all

1

other liens on the Collateral and that the Obligations constitute legal, valid, binding and nonavoidable obligations of the Debtor.

3. CIBC further declares that the pre-petition obligations of SSK are secured under, among other things, the "Guaranty and Collateral Agreement" dated December 28, 2017 that states the Debtor, <u>or any other Borrower,</u> granted to CIBC a security interest in the collateral of the Debtor. *(Emphasis added)*

4. It is in these Credit Agreements (as amended) and the Guaranty and Collateral Agreements (as amended) that create the Trustee's objection to CIBC's motion to lift the stay, because those documents did not solely bind SSK as the only obligor and "Borrower", and there is no accounting to show what portion SSK owes on the various agreements in relation to the obligations of at least nine other "Borrowers".

5. Further, at the time the SSK bankruptcy case was filed, one of the borrowers, the Lummus Corporation, was the parent company of SSK having acquired SSK some years prior to SSK's filing for bankruptcy, and, all of the Credit and Guaranty agreement documents submitted by CIBC in their Proof of Claim were entered into following the acquisition of the SSK by Lummus. Lummus has not filed bankruptcy but is believed, along with the other nine Borrowers listed in the various Guaranty and Credit Agreements, to have sufficient property of their own, and, are all equally obligated under the Guaranty and Credit Agreements. In those agreements, all parties guaranteed the liabilities of each other.

### **The Guaranty and Credit Agreements Show SSK Is Not the Only Borrower**

6. The December 28, 2017 Guaranty and Collateral Agreement included in CIBC's Proof of Claim, along with another amended Guaranty and Collateral Agreement dated June 7, 2018, and Credit Agreements, included the names of other "Borrowers". Those other Borrowers

included SSK Lummus LLC; System Solutions Holdings LLC; Lummus Corporation; SSK Lummus One LLC; Lummus Management Corporation; Lummus Properties Corporation; Carver, Inc.; Eli Whitney of Tennessee, Inc.; and Carter Control Systems, Inc.

7. There was not one supporting document in the 275 pages in CIBC's Proof of Claim No. 30 that addresses SSK as the singular party, or only "Borrower" to which CIBC seeks to collect $23,801,169.57.

8. <u>Exhibit A</u> of CIBC's Proof of Claim No. 30 described the "Credit Agreement Obligations" as the controlling document for the Pre-Petition Amounts owed to CIBC in the total sum of $23,801,169.57 by SSK and the other Borrowers.

9. <u>Exhibit B</u> of Proof of Claim # 30 included:

- (1) Amended and Restated Credit Agreement dated June 7, 2018 and (a) First Amendment to Amended and Restated Credit Agreement, Limited Waiver and Consent dated April 25, 2019 and (b) Second Amendment to Amended and Restated Credit Agreement and Consent dated December 30, 2019.

- (2) Guaranty and Collateral Agreement dated as of December 28, 2017.

- (3) UCC-1 Financing Statement naming CIBC Bank USA, as administrative agent, as Secured Party and System Solutions of Kentucky, LLC, as debtor (Kentucky, #2017-2932371-27.01).

- (4) Deposit Account Control Agreement dated December 28, 2017, with CIBC Bank USA.

10. Although the UCC-1 Financing Statement and the Deposit Account Control Agreements, all alleging a security interest in property of SSK were filed along with Exhibit B, those documents do not mention the obligations of all of the "other parties" that made up the financial obligations to CIBC, including the Lummus Corporations and other Limited Liability Companies. The "other parties" to the CIBC loan obligations are included in each of the following documents:

- The June 7, 2018 Amended and restated Credit Agreement included SSK Lummus LLC, System Solutions Holdings LLC, and Lummus Corporation.

- The April 25, 2019 First Amendment to Amended and Restated Credit Agreement, Limited Waiver and Consent agreement listed the "Borrowers" again included SSK Lummus LLC, System Solutions Holdings LLC, and Lummus Corporation, and some other loan partners to include SSK Lummus One LLC, Lummus Management Corporation, Lummus Properties Corporation, Carver, Inc., Eli Whitney of Tennessee, Inc., and Carter Control Systems, Inc.

- The April 25, 2019 First Amendment to Amended and Restated Credit Agreement also listed as the two "Lenders" as CIBC and Wood Forest National Bank. Both having some pro rata share of the amount due CIBC pursuant to CIBC's Proof of Claim # 30.

- The December 30, 2019 Second Amendment to Amended and Restated Credit Agreement and Consent agreement again included SSK Lummus LLC, System Solutions Holdings LLC, and Lummus Corporation as "Borrowers" along with the other loan partners to include SSK Lummus One LLC, Lummus Management Corporation, Lummus Properties Corporation, Carver, Inc., Eli Whitney of Tennessee, Inc., and Carter Control Systems, Inc.; and again the two "Lenders" as CIBC and Wood Forest National Bank.

- The December 28, 2017 "Guaranty and Collateral Agreement" includes SSK Lummus LLC, System Solutions Holdings LLC, and Lummus Corporation as "Borrowers" along with the other loan partners to include SSK Lummus One LLC, Lummus Management Corporation, Lummus Properties Corporation, Carver, Inc., Eli Whitney of Tennessee, Inc., and Carter Control Systems, Inc.; and again the "Lender" as CIBC but not Wood Forest National Bank.

- The December 28, 2017 "Deposit Account Control Agreement (Pledged Account with Activation) includes SSK, SSK Lummus LLC, System Solutions Holdings LLC, and Lummus Corporation as "Borrowers" and CIBC as the administrative agent for itself and all Lenders party to the Credit Agreement.

11. In its 275 pages of supporting documents CIBC intended to show that SSK is the sole obligor of over $23 million, but those documents show that SSK was not the sole party obligated on the notes. SSK Lummus LLC; System Solutions Holdings LLC; Lummus Corporation; SSK Lummus One LLC, Lummus Management Corporation, Lummus Properties Corporation, Carver, Inc., Eli Whitney of Tennessee, Inc., and Carter Control Systems, Inc.; SSK

4

Lummus LLC, System Solutions Holdings LLC, and Lummus Corporation, were all specifically listed as "Borrowers", and each obligated on the notes and agreements.

12. Less than a year before System Solutions of Kentucky LLC filed its bankruptcy case the aforesaid parties to the original Credit and other Guaranty Agreements again amended the June 7, 2018 Credit Agreement on April 25, 2019, all at a time when Lummus Corporation was in full control of the ownership interests of SSK. The property CIBC claims a security interest was not specifically identified, nor did it identify the property or obligations of other "Borrowers".

13. Without fully describing the "secured" property to which the stay is to be lifted or the property to be abandoned, the interest of CIBC in this bankruptcy case is unsecured.

14. Further, CIBC needs to join the Lummus Corporation and the other parties obligated to the terms of CIBC's Credit and Guaranty agreements in order to satisfy CIBC's claim against SSK, and the other parties.

**WHEREFORE**, the Trustee respectfully moves the Court to deny the creditor CIBC's motion for relief from the automatic stay and for general abandonment of all of the property of the System Solutions of Kentucky, LLC since CIBC's motion to lift the stay and their Proof of Claim do not specifically identify the property that is secured nor the amount SSK owes without including the pro rata obligations of the "other parties" to the CIBC agreements.

Respectfully submitted,

*/s/ Robert W. Keats*
Robert W. Keats, Trustee
P.O. Box 221377
Louisville, Kentucky 40252-1377
(502) 587-8787

5

## **CERTIFICATE OF SERVICE**

I certify the foregoing and proposed order was served in conformity with CM/ECF Rule 6.9, or, by delivering a true copy via first class mail to the service list on <u>January 1, 2021.</u>

<u>/s/ Robert W. Keats</u>
Robert W. Keats